IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN D. WELLS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LORENZ FARM SERVICES, INC.,<br>DENNIS L. LORENZ,<br><br>　　　　　Defendants. | 4:12CV3085<br><br>MEMORANDUM AND ORDER |

Pending before me is the motion for change of venue filed by Lorenz Farm Services, Inc. and Dennis L. Lorenz (collectively "Lorenz"). Lorenz seeks to transfer this case to the United States District Court for the Northern District of Indiana. Filing No. 29. Lorenz claims Nebraska is not the proper venue under 28 USC §1391, and Nebraska is an inconvenient forum for the litigation of this case. See 28 USC §1404 (a).

Ryan D. Wells, the plaintiff, opposes the motion to transfer venue. Wells argues that by failing to raise the issue in a pre-answer motion or in his answer, Lorenz waived any right to challenge a Nebraska venue, and Nebraska, the plaintiff's chosen of forum, is a convenient location for litigating this case.

For the reasons discussed below, Lorenz' motion to transfer venue to the Indiana federal court will be denied.

STATEMENT OF FACTS

As alleged in the plaintiff's complaint, on May 2, 2012, the parties entered into a Hay Delivery Agreement, a copy of which is attached to the complaint. Under the terms of that agreement, Lorenz agreed to deliver hay products to locations identified by the plaintiff. The complaint alleges that Lorenz failed to transport hay as required under the

Hay Delivery Agreement; the plaintiff was therefore unable to comply with other contractual obligations; and as a result, the plaintiff incurred damages.

The defendant filed an answer and counterclaim on June 25, 2012. Although the counterclaim alleges Indiana is a proper venue for this case, the answer does not allege Nebraska is an improper venue. The defendants' answer and counterclaim were filed before their motion for change of venue.

Defendant Lorenz Farm Services, Inc. is an Indiana Corporation with its principal place of business in Indiana, and defendant Dennis Lorenz resides in Indiana. The Lorenz employees who will testify at trial are from Indiana. Filing No. 30-1, ¶¶ 2-4, 6.

The contracts and agreements between the plaintiff and Lorenz were negotiated over the telephone. Under the Hay Delivery Agreement, Lorenz was required to pick up hay from Canada, Montana, North Dakota, Wyoming, and South Dakota and deliver that hay to plaintiff's locations in Texas, Kansas, and Colorado. The delivery locations were identified in commodity contracts, copies of which are attached to the Hay Delivery Agreement. Filing No. 30-1, ¶¶ 5, 8.

The plaintiff resides in Nebraska. The plaintiff's anticipated trial witnesses include himself; Jeffrey M. Cox, an attorney from Holdredge, Nebraska; Jason Wachter, who works in Kansas City, Missouri; and Justin Shaddix, who works in Hugoton, Kansas. Filing No. 38-1, at CM/ECF p. 3-4. The defendants' anticipated trial witnesses include Dennis Lorenz, Bill Whitman, and Bill Bruce, all of whom work in Indiana. Filing No. 38-1, at CM/ECF p. 7.

Effective May 30, 2012, Lorenz Farm Service, Inc. changed its business name to North American Agri-Services, LLC. As of August 12, 2012, Lorenz Farm Service,

Inc.'s internet advertising, stated that it works with producers and consumers in Montana, Kansas, Nebraska, Colorado, Utah, Wyoming, Iowa, Indiana, Texas, Oklahoma, Illinois, Ohio, Michigan, Wisconsin, Kentucky, Missouri, Tennessee, Idaho, and Minnesota. Filing No. 38-2, at CM/ECF p. 5. North American Agri-Services, LLC had the same Internet advertising posted on August 17, 2012. Filing No. 38- 2, at CM/ECF p. 7.

## ANALYSIS

The defendants contend Nebraska is an improper venue under 28 USC §1391. The plaintiff argues Defendants waived any right to object to a Nebraska venue for this case because they failed to raise improper venue as a defense in their answer, and failed to file a pre-answer motion challenging a Nebraska venue.

Under Rule 12(h)(1) of the Federal Rules of Civil Procedure, the defense of improper venue is waived unless it is raised in a pre-answer motion or, if not raised by motion, in the defendants' answer. Lorenz' answer, filed on June 25, 2012, does not allege improper venue. See Filing No. 14.[1] Lorenz' motion asserting improper venue was filed after the defendants filed their answer. By filing an answer without claiming venue is improper under 28 USC §1391, Defendants have waived their right to challenge venue by motion filed thereafter.

Failing to raise an improper venue defense in the answer did not, however, waive the defendants' right to challenge a Nebraska venue under the *forum non conveniens* statute. See 28 USC §1404(a).

---

[1] Lorenz' counterclaim alleges the plaintiff failed to perform his obligations and duties under the Hay Delivery Agreement and that as a result, the defendants were damaged. The counterclaim states "proper venue of this case is the Northern District Court of Indiana." But the counterclaim does not allege that Nebraska is an improper venue for litigation of the plaintiff's complaint.

3

> [A] defendant who has waived his or her objection to improper venue has not necessarily waived the right to seek a transfer of venue under Section 1404(a) of Title 28 of the United States Code. Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under Section 1404(a) is not a "defense" that must be raised by pre-answer motion or in a responsive pleading.

Wright & Miller, Federal Practice and Procedure, §3829.

> 28 USC §1404 (a) provides:
>
> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under §1404, courts must consider 1) the convenience of the parties, 2) the convenience of the witnesses, and 3) the interests of justice when deciding if a case should be transferred to another district. The court is not, however, limited to evaluating these enumerated factors. Rather, the court may consider all relevant factors in the context of the circumstances presented. Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). In addition, federal courts afford considerable deference to the plaintiff's choice of forum. Therefore, in general, the party seeking the transfer bears the burden of proving that a transfer is warranted. Id.

      The plaintiff, who lives in Nebraska and will testify at trial, chose a Nebraska venue. The plaintiff also intends to call another witness from Nebraska, one from Kansas, and one from Kansas City, Missouri. As such, all of plaintiff's witnesses are closer to Nebraska than Indiana. The defendants will call witnesses from Indiana. Although the hay delivery agreement was created through telephone conversations, based on the contract terms, the defendants were required to transport hay from a state directly north of Nebraska (i.e., South Dakota) to a state directly south of Nebraska (i.e., Kansas). This contractual obligation was fully within the defendants' advertised geographical

scope of transportation services. The defendants therefore knew that performance of the Hay Delivery Agreement would require traveling through, or very near to, Nebraska. Litigating any alleged breach of that agreement in a Nebraska forum should have been anticipated by the defendants and is not unjust.

Having considered the evidence, and affording due deference to the plaintiff's choice of forum, the court concludes that, on balance, Nebraska is the more convenient location for the litigation of this case. There is no reason to believe that the interests of justice cannot be equally served by litigating this case in a Nebraska court.

Accordingly,

IT IS ORDERED:

1) The defendants' motion to extend time to file a reply brief, (filing no. 41), is granted, and the defendants' reply brief, (filing no. 43), has been considered in ruling on the defendants' motion to change venue.

2) The defendants' motion for change of venue, (filing no. 29), is denied.

3) The court's order setting a conference call for September 20, 2012 at 10:00 a.m. remains in effect. The parties should be prepared to discuss further scheduling of this case to trial.

September 19, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.