IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN D. WELLS,<br><br>            Plaintiff,<br><br>   vs.<br><br>LORENZ FARM SERVICES, INC.,<br>DENNIS L. LORENZ,<br><br>            Defendants. | 4:12CV3085<br><br>MEMORANDUM AND ORDER |

      Pending before me are the Objections, (Filing Nos. 67 and 69), and Motion for Sanctions, (Filing No. 70), filed by the plaintiff. For the reasons described below, the objections will be sustained and the motion for sanctions will be granted.

PROCEDURAL HISTORY

      The undersigned magistrate judge held a hearing on October 22, 2012 to discuss the defendants' pattern of failing to produce discovery, and failing to timely respond to the plaintiff's filings and comply with court orders. Based on the representations of counsel during the hearing, the court ordered:

    4)    On or before October 29, 2012, the defendants shall electronically serve on plaintiff's counsel all "documentation evidencing the contracts between the parties for delivery of hay and the lost profits and damages suffered by Lorenz Farm Service, Inc. as a result of the Plaintiff's breach of contract." See defendant's Rule 26(f) disclosures, (Filing No. 53-1, ¶ B).

    5)    On or before October 29, 2012, the defendants shall:

        a. Provide full and complete answers to the plaintiff's interrogatories served on Dennis Lorenz and on Lorenz Farm Services, Inc. on August 21, 2012 (see Filing No. 53-1, exhibits G & H). The interrogatory answers shall include a statement that

> all responsive information has been provided, and shall be signed under oath by defendant Dennis Lorenz, and as to those interrogatories served on defendant Lorenz Farm Services, Inc., by an authorized representative of that company.
>
> b. Produce all documents responsive to the plaintiff's Requests for Production of Documents served on August 21, 2012 (see Filing No. 53-1, exhibit I). The defendants' responses to the document production requests shall include a statement that all responsive documents have been provided, and shall be signed under oath by defendant Dennis Lorenz and by an authorized representative of defendant Lorenz Farm Services, Inc.

(Filing No. 65, at CM/ECF pp. 1-2). The order further required the defendants to obtain the services of local counsel and have that attorney file an appearance on their behalf by no later than November 5, 2012. (Filing No. 65, at CM/ECF p. 2).

Defense counsel filed a notice of compliance with the court's order on October 29, 2012. (Filing No. 66). The plaintiff argues that defendants have not fully responded to discovery, and they have not obtained local counsel. The plaintiff moves for sanctions.

FACTUAL ANALYSIS

The plaintiff states that despite the court's order, the defendants' discovery responses were incomplete, their certifications that they provided complete responses were false, and the defendants do not have local counsel.

1) <u>Mandatory Disclosures and Interrogatory Responses.</u>

The plaintiff has been asking for production of the documents described in defendants' mandatory disclosures for nearly two months. During the hearing held on October 22, 2012, the court asked defense counsel to explain the reason for the delay.

Defense counsel responded that the CFO for defendant Lorenz Farms, Inc., William Bruce, has the information described in the mandatory disclosures but he now lives a four-hour drive away from defense counsel. Based on defense counsel's statement, Mr. Bruce has possession of boxes of documents evidencing hay delivery contracts between the parties and supporting Lorenz Farm Service, Inc.'s claims for lost profits and damages caused by plaintiff's alleged breach of contract. Doc. 64 (audio file), 10:25-10:49.

But in response to the court's order compelling production of these documents by no later than October 29, 2012, the defendants provided a total of 25 pages of information; including the 15-page Hay Delivery Agreement previously attached to the plaintiff's complaint (including the CM/ECF filing header), and 10 pages of an unsigned partial draft Hay Delivery Agreement and associated exhibits, with bates number pages 2, 5, 6, and 8 missing. Despite their failure to produce the "boxes" of responsive documents described by their attorney, the defendants certified, under oath, that all documents identified in their mandatory disclosures were produced.

Defense counsel's representations made during the hearing on October 22, 2012, and defendants' current representation that all documents (totaling 25 pages) have been produced are, at a minimum, inconsistent. Simply stated, one of the two statements is false.

The plaintiff also argues that defendants' response to interrogatory 5 is incomplete, and their certification that all responsive information has been disclosed is false. The defendants' interrogatory response states:

> Interrogatory No. 5. Who works for NAAS? Have any of them worked for Lorenz Farm Services, Inc. a/k/a Lorenz Farm Service, Inc.
>
> Answer: Dennis Lorenz. Yes.
>
> All responsive information has been provided.
> I affirm under the penalties for perjury that the above and foregoing Answers are true and correct.
>
> Dated: 10/26/12
>
> Dennis L. Lorenz

However, based on the representations of defense counsel during the hearing on October 22, 2012, William Bruce is the CFO of defendant Lorenz Farms Services, Inc., and based on Mr. Bruce's LinkedIn site, he is currently the Finance Manager of NAAS. It therefore appears that William Bruce should have been listed in response to Interrogatory 5, and contrary to their statement under oath, the defendants did not disclose "[a]ll responsive information."

In response to the plaintiff's argument, the defendants claim the plaintiff "is asking that the Defendants specifically produce a document that is entitled, "Defendants' Damages," and the defendants are not obligated to create documents to respond to discovery. The defendants are completely misstating the issue. The plaintiff is asking the defendants to produce the documents identified in defendants' mandatory disclosures---described by defense counsel as boxes of documents in the possession of William Bruce, and the court entered an order requiring this production. The court cannot envision how defense counsel could reasonably interpret plaintiff's request and this court's order as a demand for a document entitled "Defendants' Damages." The argument is spurious.

The defendants claim the plaintiff's objections and motion for sanctions must be overruled because the plaintiff could, and should have ascertained the discovery at issue by deposing the defendants, including Mr. Bruce. But the defendants cannot dictate how the plaintiff pursues discovery. Moreover, the defendants' obligation to produce the

documents described in their mandatory disclosures is imposed by court rule, not by any discovery mode chosen by the plaintiff; the court has already held that the defendants must fully and truthfully respond to the discovery at issue; and the incomplete nature of the defendants' current responses directly violates this court's order.

    2) <u>Local Counsel Requirement</u>.

Contrary to this court's order, and their certification of compliance with that order, local counsel has not entered an appearance for the defendants. In his brief, defense counsel offers the conclusory explanation that the defendants cannot afford local counsel. (Filing No.75). No evidence was filed in support of this statement. There is no evidence of record explaining the defendants' financial situation, their attempts (if any) to obtain local counsel, or whether the defendants ever considered having only Nebraska counsel, rather than dual counsel, to limit expenses while complying with this court's order.

## SANCTIONS

Defendants' current responses are consistent with the history of this case. (<u>See</u> Filing No. 53-1). That history prompted the undersigned magistrate judge to enter an order requiring local counsel--in the hopes of promoting the practice standards of this court and addressing the defendants' persistent lackadaisical attitude. My order failed to produce the desired result.

The prior order warned that if the defendants failed to fully and timely disclose discovery and/or retain local counsel, "the court may dismiss their counterclaims, may strike their defenses to the plaintiff's complaint, and/or may enter a default against the defendants without further notice." (Filing No. 65, at CM/ECF p. 2). After that order was entered, Judge Gerrard granted a partial summary judgment for the plaintiff, finding the defendants are liable for breach of the Hay Delivery Agreement at issue and

5

dismissing the defendants' counterclaim alleging the plaintiff breached the contract. Therefore, the only issue remaining is the amount of plaintiff's damages arising from defendants' breach of contract.

Despite the description in defendants' mandatory disclosures, the defendants have never disclosed "documentation evidencing the . . . the lost profits and damages suffered by Lorenz Farm Service, Inc. as a result of the Plaintiff's breach of contract." Consistent with this nondisclosure, the defendants offered no specific evidence in opposition to plaintiff's motion for summary judgment on the issue of liability and to dismiss the defendants' counterclaim. As stated by Judge Gerrard, "Lorenz does not explain when Wells supposedly rejected any hay deliveries, or aver any facts supporting the conclusion that the hay supposedly delivered was satisfactory. Nor is there any basis for Lorenz's conclusion that the Defendants' failure to deliver substantial quantities of hay was entirely attributable to such rejections." (Filing No. 77, at CM/ECF p. 8). Defendants' failure to garner any admissible evidence opposing plaintiff's summary judgment motion, particularly when considered in the context of describing, but never producing, documents responsive to that motion, indicates the defendants had no factual basis for their counterclaim or for their allegations that the plaintiff breached the Hay Delivery Agreement.

Defendants' unsupported allegations have created additional work for the plaintiff and the court. And the defendants have consistently thwarted plaintiff's efforts to obtain information through mandatory disclosures and written discovery methods. The plaintiff has accordingly moved for sanctions. The court finds the defendants' conduct was and is not substantially justified, and plaintiff is entitled to relief from defendants' impermissible tactics. Any remedy must be immediate: Trial is scheduled to begin on December 18, 2012.

Under Rule 26(a), the defendants were required to identify and produce all documents they would use at trial.  Despite numerous attempts to elicit their cooperation, the defendants have produced no documents other than a copy of the Hay Delivery Agreement and a draft agreement with attachments, neither of which address the remaining trial issue--the nature and extent of plaintiff's damages.  With trial only a month away, the defendants will not be permitted to supplement their mandatory disclosures at this late date.  The court will accept, as a nonrebuttable presumption, that the defendants have no documents which may be relevant to limiting or opposing plaintiff's claim for damages, and the defendants and their witnesses will not offer, refer to, or discuss any such documents.

If the plaintiff wants to depose Dennis Lorenz, Bill Whitman (employee of defendant Lorenz Farms Services, Inc.), and/or William Bruce, the depositions will be held in Nebraska at a location convenient for plaintiff's counsel.  All travel expenses associated with deposing the defense witnesses in Nebraska will be paid by the defendants.  The plaintiff must make any request to depose Dennis Lorenz, Bill Whitman, and/or William Bruce by no later than November 27, 2012.  But if the plaintiff timely requests the deposition of any of these defense witnesses, and a requested deposition cannot be taken prior to December 3, 2012 (prior to the pretrial conference), upon the plaintiff's request, the party/witness who was not deposed will not be permitted to testify at trial or otherwise provide evidence on the issue of plaintiff's damages.

Finally, the plaintiff will be awarded the attorney fees and expenses he incurred to pursue his first motion for sanctions, (Filing No. 51), to raise objections to defendants' notice of compliance, (Filing Nos. 67 and 69); and to pursue his second motion for sanctions, (Filing No. 70).

Accordingly,

IT IS ORDERED:

1) The plaintiff's Objections, (Filing Nos. 67 and 69), to the defendants' notice of compliance, (Filing No. 66), are sustained.

2) The plaintiff's motion for sanctions, (Filing No. 70), is granted as follows:

   a. For the purposes of trial on the remaining issue, plaintiff's damages, it is established, as a nonrebuttable presumption, that the defendants have no documents which may be relevant to limiting or opposing plaintiff's claims, and the defendants and any witnesses affiliated with the defendants (including Dennis Lorenz, Bill Whitman, and William Bruce) shall not offer, refer to, or discuss any such documents during their trial testimony.

   b. As more fully outlined in this memorandum and order, upon the plaintiff's timely request, Dennis Lorenz, Bill Whitman, and William Bruce shall make themselves available to be deposed in Nebraska by no later than December 3, 2012, with defendants paying any related travel expense. If any witness fails to do so, at the plaintiff's request, that witness will not be permitted to testify at trial or otherwise provide evidence on the issue of plaintiff's damages.

   c. On or before December 1, 2012, Plaintiff shall submit an itemized billing statement of the fees and expenses incurred to file his first motion for sanctions, (Filing No. 51), to raise objections to defendants' notice of compliance, (Filing Nos. 67 and 69); and to pursue his second motion for sanctions, (Filing No. 70). Plaintiff shall refer to NECivR 54.4 for guidance in preparing the statement. Any response thereto shall be filed on or before December 10, 2012. If the defendants fail to timely respond, the court will enter an award of attorney fees and expenses in the amount requested by the plaintiff.

November 19, 2012.

                                        BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge